IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
)
) Criminal No. 06-00230
v. )
)
CHARLES VICTORIA. )
)

MEMORANDUM ORDER

Gary L. Lancaster,                                        March 27, 2008
District Judge.

      Defendant in this case is charged with conspiracy to violate the Clean Air Act, 42 U.S.C. § 7412 et seq. In substance, the indictment alleges that defendant violated the Act in the manner in which he removed or supervised the removal of asbestos at a particular job site.

      At a pre-trial conference on March 17, 2008, defendant challenged the government's purported expert witness, an employee of the Environmental Protection Agency ("EPA"), Richard Ponak. According to the government, among other things, Mr. Ponak would be called to testify at trial regarding the scope and purpose of the Clean Air Act as well as the legal requirements the Act imposes on those engaged in the removal of asbestos material. Defendant argued that it is for court to instruct the jury on the applicable law that governs this case. Thus, such expert

testimony is inadmissible under F.R.E. 704. We granted the motion for the following reasons.

The district court has discretion to determine whether expert testimony will help the trier of fact. Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 217 (3d Cir. 2006) (citation omitted). In utilizing that discretion, however, the district court must ensure that an expert does not testify or otherwise render an opinion of the law governing the case or what the law requires. Id. Although F.R.E. 704 permits expert testimony that "embraces an ultimate issue to be decided by the trier of fact," an expert witness is prohibited from rendering a legal opinion or otherwise offering an opinion as to what the law is; that function is distinctly within the province of the court. See United States v. Leo, 941 F.2d 181, 196 (3d Cir. 1991).

Here, the proffered expert testimony regarding the requirements of the Clean Air Act and its regulations is inadmissible for three important reasons. First, again, it is the distinct role of the court to instruct the jury on the substance of the applicable law that the government contends defendant violated. Second, the regulatory scheme at issue here is not any more complex than other regulatory schemes, the violation of which is a crime; such as income tax evasion, in violation of 26 U.S.C. § 7201, or bankruptcy fraud, in violation of 18 U.S.C. § 157, and other like areas. In this case, the

court is perfectly capable of providing instructions to allow the jury to understand the plain meaning of the Clean Air Act without the supplemental aid of expert testimony. Finally, to permit an EPA employee, such as Mr. Ponak, to instruct the jury on the applicable law may lend undue credibility to the expert in the eyes of the jury, resulting in prejudice to defendant. Thus, F.R.E. 704 precludes the government's expert witness(es) from rendering an opinion regarding the applicable environmental laws and regulations implicated in this case.

However, while it is not permissible for a witness to offer an opinion of the governing law, expert testimony concerning certain business customs and practices may be relevant.[1] In this case, the government must prove that defendant knowingly violated the provisions of the Clean Air Act. Thus, testimony concerning the generally known customary practices or methods of asbestos removal in the asbestos abatement industry may be relevant and admissible to show whether defendant knowingly violated the Act. Restated, expert testimony explaining standard industry customs establishing what someone with defendant's background and experience in the industry was

---

[1] The court of appeals for the Third Circuit has noted that "the line between admissible and inadmissible expert testimony as to the customs and practices of a particular industry often becomes blurred when the testimony concerns a party's compliance with customs and practices that implicate legal duties." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 218 (3d Cir. 2006). This is clearly such a case.

3

likely to have known regarding proper asbestos abatement methods is relevant to whether defendant knowingly violated the law.

BY THE COURT:

*signature* J.

cc: All Counsel of Record